**AFFIRMED; Opinion Filed January 22, 2019.**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00901-CV**

## IN THE INTEREST OF M.M., A CHILD

**On Appeal from the County Court at Law No. 1**
**Kaufman County, Texas**
**Trial Court Cause No. 97410CC**

# MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Partida-Kipness

Father filed this accelerated appeal from the trial court's order terminating his parental rights to M.M. The termination was based on Father's irrevocable affidavit of relinquishment of his parental rights and the trial court's finding that termination was in M.M.'s best interest. In a single issue, Father argues he received ineffective assistance of counsel requiring reversal of the trial court's order. For the reasons that follow, we affirm.

## BACKGROUND

In April 2017, the Department of Family and Protective Services (Department) filed a suit affecting the parent-child relationship seeking, among other things, termination of Mother's and Father's parental rights to their child, M.M. A non-emergency removal hearing was held in May 2017. Father was present at the hearing when the trial court advised all parties present before the docket was called, "Parents have the right to be represented by an attorney. So if you are indigent and are in opposition to the suit, you have the right to have a court-appointed attorney." Father

testified at the hearing, but there is no indication in the record that he requested an attorney at that time. Father also appeared at the subsequent June 2017 status hearing where the trial court again advised indigent parents of their right to court–appointed counsel. Father was appointed counsel in October 2017 and shortly thereafter, an answer and counter-petition was filed on his behalf. The case proceeded and in April 2018, Father signed a Mediated Settlement Agreement (MSA) that, among other things, provided Father would sign an irrevocable affidavit of voluntary relinquishment of parental rights but would have limited supervised visitation with the child after his parental rights were terminated. All parties, including Father and his appointed counsel, signed the MSA.[1] Father executed the voluntary affidavit of relinquishment the same day as the MSA. After a final hearing in May 2018 at which Father appeared with appointed counsel, the trial court signed an order terminating Father's parental rights.[2] This appeal followed.

## ANALYSIS

In his only issue, Father contends he received ineffective assistance of counsel in this case because: (1) the trial court failed to admonish him of his right to counsel at the May 2017 removal hearing; (2) counsel was not appointed to him until six months after the filing of the Department's suit to terminate his parental rights; and (3) his counsel did not sign the termination order. In response, the Department initially contends Father's ineffective assistance claims are not viable because he has failed to raise an issue relating to fraud, duress, or coercion in the execution of his affidavit of relinquishment as required by section 161.211(c) of the family code.

Section 161.211(c) provides a direct or collateral attack on a termination order based on an unrevoked affidavit of relinquishment is limited to issues relating to fraud, duress, or coercion in the execution of the affidavit. *See* TEX. FAM. CODE ANN. § 161.211(c). The Department cites no

---

[1] Mother was not a party to the MSA.

[2] Mother's parental rights to M.M. were also terminated based on other grounds. She is not a party to this appeal.

cases, and we have found none, that have applied this section to preclude an ineffective assistance complaint. In fact, at least one appellate court has addressed an ineffective assistance claim in a termination case after concluding Mother failed to show her affidavit of relinquishment resulted from fraud, duress, or coercion. *See In re Z.M.R.*, No. 14-18-00461-CV, 2018 WL 5660725, at *8–9, (Tex. App.—Houston [14th Dist.] Nov. 1, 2018, no pet h.). However, assuming without deciding that Father's issue is properly before us, we conclude that Father has failed to establish reversible error in connection with his complaints.

A review of the record of the May 2017 removal hearing establishes Father's first complaint, that the trial court failed to admonish him of his right to counsel, is not well taken. As noted above, the trial court specifically admonished the group of indigent parents – before the hearing – that they had a right to counsel at the removal hearing.[3] The trial court gave the same pre-docket group admonishment to indigent parents at the status hearing about one month later. Because Father was apprised of an indigent parent's right to counsel and nothing in the record before us indicates that Father requested counsel at either hearing, Father's complaint lacks merit.

Father next complains about the six-month delay between the time the Department filed its suit and the time Father was appointed counsel. According to Father, had he been represented at the removal hearing, the hearing could have been continued to allow investigation and the gathering of evidence on Father's behalf. The timing of appointment of counsel to indigent parents appearing in opposition to termination is a matter within the trial court's discretion. *See In re M.J.M.L.*, 31 S.W.3d 347, 354 (Tex. App.—San Antonio 2000, pet. denied). Although section 107.013 of the family code mandates the appointment of counsel for indigent parents in termination cases, the statute does not set forth any time frame or procedure for the trial court to

---

[3] Additionally, during the caseworker's testimony at the removal hearing she indicated she had discussed with Father the ability to obtain a court–appointed attorney.

follow. *See id*. Here, like the mother in *In re M.J.M.L.*, Father was appointed counsel about six months after the Department filed its suit. *See id*. at 353. Although Father was not represented at the initial removal hearing or subsequent status hearing, the record does not show he requested counsel at either hearing. Moreover, the record reveals that the Department's goal at both the removal and status hearings was reunification. At the removal hearing, Father had reached an agreement with respect to services in furtherance of the goal of family reunification. Father was appointed counsel about seven months *before* the final hearing. Notably, he was represented by counsel when the case went to mediation and when the parties entered into the MSA, which Father's counsel also signed. Father makes no complaint about his counsel's performance during the mediation or during the final hearing. Based on the record before us, Father has not demonstrated that the trial court abused its discretion in its timing of appointing him counsel.

Finally, Father complains about his counsel's failure to sign the termination order as required by section 107.0131(a)(1)(F) of the family code. *See* TEX. FAM. CODE ANN. § 107.0131(a)(1)(F) (providing appointed counsel review and sign proposed orders affecting parent). Father suggests that because his trial counsel did not sign the order, he did not review the order prior to entry with the trial court. He also asserts the termination order "does not mirror the possession times set out for Father in the [MSA]."

As noted above, an indigent parent has a statutory right to counsel in parental-rights termination cases. *See* TEX. FAM. CODE ANN. § 107.013; *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). The right to counsel includes the right to effective counsel. *In re M.S.,* 115 S.W.3d at 544. We evaluate ineffective assistance claims in a parental-rights termination case using the two-pronged standard applied in criminal cases set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See id*. at 545. That is, a parent must show (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the parent's defense such that there is a reasonable

probability that, but for counsel's error, the result of the proceeding would have been different. *Id.* at 545, 550. Where there has been an actual or constructive denial of counsel at a critical stage of the litigation, however, prejudice may be presumed. *See In re K.B.*, No. 05-17-00428-CV, 2017 WL 4081815, at *7 (Tex. App.—Dallas Sept. 15, 2017, no pet.) (mem. op.).

When determining whether counsel's performance is deficient in a particular case under the first prong of the test, we must take into account all of the circumstances surrounding the case, focusing primarily on whether the attorney performed in a reasonably effective manner. *See In re M.S.*, 115 S.W.3d at 545. Only when counsel's performance was so outrageous that no competent attorney would have engaged in it will the challenged conduct constitute ineffective assistance. *Id.*

Our review of the termination order reveals that with respect to the parties' MSA, the order provided:

> 10. Mediated Settlement Agreement
>
> 10.1. IT IS ORDERED that [Father] shall have supervised access of the child as specified in the Mediated Settlement Agreement as executed by the parties on April 27, 2018, which is incorporated herein by reference as if set out verbatim in this paragraph. The periods of access through supervised visitation ordered above apply to the child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

As can be seen from language above, the termination order incorporated the provisions of the parties' MSA relating to Father's supervised access to M.M. Even assuming that Father's counsel failed to review the termination order as alleged, Father has failed to demonstrate that, but for this deficiency, the result of the proceeding would have been different. *See In re M.S.,* 115 S.W.3d at 550. Accordingly, we conclude Father has failed to show any reversible error in connection with his ineffective assistance of counsel claim.

# CONCLUSION

Concluding Father's sole issue lacks merit, we affirm the trial court's order terminating Father's parental rights to M.M.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

180901F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF M.M., A CHILD,

No. 05-18-00901-CV

On Appeal from the County Court At Law No. 1, Kaufman County, Texas
Trial Court Cause No. 97410CC.
Opinion delivered by Justice Partida-Kipness. Justices Pedersen, III, and Carlyle participating.

In accordance with this Court's opinion of this date, the trial court's order terminating appellant's parental rights is **AFFIRMED**.

Judgment entered this 22nd day of January, 2019.